R. Tenorio *vs.* W. Brown.

A Police Justice having resigned on the 16th of August, entered a judgment on a case which had been fully submitted to him, on the 27th of August "as of the 13th of August;"
Held, the judgment was rightly entered *nunc pro tunc* and was valid.

Opinion of the Court by Judd, C.J.

This is an action of debt on a judgment, the summons alleging that the judgment was rendered in the Police Court on the 27th of August, 1880, as of the 13th of August. It is made to appear to us that the Police Justice, W. C. Jones, resigned on the 16th of August, whereupon the present Police Justice was appointed. The case comes before us on appeal on the point of law, whether this was a valid judgment.' It is urged by the defendant's counsel that Mr. Jones having resigned, his powers as a Police Justice ceased to exist and his act in rendering the judgment was illegal and void.

We are of the opinion that the judgment was rightly entered *nunc pro tunc*, and is a valid judgment. "The policy of entering judgments *nunc pro tunc* is agreeable to the maxim, '*actus curiæ nemine gravabit.*'" "An act of the Court shall prejudice no one." Freeman on Judgments, Section 56.

The delay of the Justice in rendering his decision after the case had been fully submitted to him ought not to prejudice parties or require them to put their case on afresh, and we think that Mr. Jones had authority to complete his record by

84

the formal entry of the judgment to take effect as of a day when he was Police Justice.

Judgment of Police Court affirmed.

W. A. Whiting for plaintiff.

J. L. Kaulukou for defendant.

Honolulu, April 7, 1883.